One James Smith, it appeared, had also claimed the above-named four shares, by virtue of a purchase made at a sheriff's sale in 1808 or 1809 on an execution against Benjamin. The deed from Benjamin (46) to Wagstaff, the lessor of the plaintiff, was prior to the judgment on which this execution issued.
The defendant produced deeds to himself for the shares of Elizabeth, Sarah, Samuel, Susannah and Rachel, to show that he was a tenant in common with the lessor of the plaintiff, and admitted that he was in possession.
Plaintiff then introduced evidence to prove an ouster; and to show that defendant laid claim to the whole land offered to read a certified copy of a registered deed from James Smith to the defendant for the four shares claimed by the plaintiff.
The evidence was objected to on the ground that no notice to produce the original had been given, but as one witness swore that he had heard the defendant say he had a deed from James Smith for these four shares and a bond for his security, the objection was overruled and the copy was read.
The defendant then introduced witnesses to prove that the conveyance made by Benjamin to the plaintiff's lessor was to hinder and defeat creditors, and therefore was fraudulent; and also, that the conveyances made by Thomas and Richard to Wagstaff by Benjamin's direction were without any consideration moving from Wagstaff to them, and were also fraudulent and void as against Benjamin's creditors.
On this point the jury was instructed that as it did not appear that Thomas and Richard were debtors the conveyance made by them could not be intended to defeat their creditors, and that therefore plaintiff, notwithstanding this objection, was entitled to recover their two parts. A verdict was rendered accordingly, and defendant moved for a new trial, because, among other reasons alleged, the copy of the deed from James Smith to the defendant was improperly received in evidence. In *Page 41 
the argument on the rule for a new trial plaintiff contended that the defendant, who was then present in court, should support the ground taken by an affidavit stating that he did not claim under the deed from James Smith, a copy of which had been read in evidence. The defendant declined making such an affidavit, and the rule was discharged, and from the judgment rendered pursuant to the verdict (47) defendant appealed.
The purpose for which the registered copy of the deed from James Smith to the defendant was offered in evidence was to show that the latter claimed title to the whole land, and that the agreement under which he entered had expired. If he did not claim under that deed, injustice was done him by its admission; if he did so claim, it tended to the right decision of the questions in dispute. The only advantage he could gain by having notice to produce the deed was that he might come prepared with evidence to repel the inferences which might be drawn from the deed. But, as upon a motion for a new trial, he refused to deny that he claimed under the deed, it warrants a strong presumption that he did; and, therefore (without giving an opinion as to the admission of the copy), as it does not appear that any injustice has been done by the verdict, the motion for a new trial must be overruled.
PER CURIAM. No error.
Cited: Clark v. Blount, 10 N.C. 211.
(48)